UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DONALD W. ANDREWS, JR.,

                              Plaintiff,

    v.                                                     Civil Action No. 3:11–CV–518

DEBORAH M. PAXSON,

                              Defendant.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Dismiss (ECF No. 5) pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by the Honorable Deborah M. Paxson. The parties have not requested a hearing on this matter, and the Court finds that oral argument is unnecessary. *See* E.D. Va. Loc. Civ. R. 7(J). For the reasons below, the Court GRANTS the Motion and DISMISSES Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

### I.    BACKGROUND

This case involves a civil rights action filed by *pro se* Plaintiff Donald W. Andrews, Jr. against Defendant Deborah M. Paxson, a Presiding Judge of the Virginia Beach Juvenile and Domestic Relations District Court, in her individual and official capacities. On September 20, 2010, Andrews appeared before Judge Paxson on a matter related to a minor child. Andrews, who was in arrears in his court-obligated child support payments by approximately $2,500, petitioned the court for an adjustment of his child support obligations. Judge Paxson found Andrews in civil contempt and sentenced him to 60 days

1

confinement with a purge amount of $4,900. Andrews claims that Judge Paxson took such action without a determination of the merit, and therefore, violated his constitutional rights.

More specifically, Andrews alleges that Judge Paxson violated his right to equal protection under the Fourteenth Amendment when she failed to evaluate his "ability to pay" and make findings on his "ability to pay" before dismissing his petition, holding him in civil contempt, and sentencing him to confinement. Andrews also alleges that Judge Paxson, by ignoring such procedural safeguards, violated his right to due process under the Fifth Amendment resulting in an erroneous deprivation of his liberty. Andrews further alleges that Judge Paxson acted outside her jurisdiction and as a trespasser of the law by engaging in such conduct in her official capacity. Additionally, Andrews alleges that he was prohibited access to the Virginia Beach Correctional Center's law library during his incarceration in order to pursue an appeal of Judge Paxson's actions. Andrews seeks money damages, declaratory relief, and various forms of equitable relief. Judge Paxson has moved the Court to dismiss Andrews' Complaint for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).

## II.    LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure allows a defendant to raise a number of defenses to a claim for relief at the pleading stage. Among these is the defense that the pleadings fail to state a claim upon which the Court can grant relief. Fed. R. Civ. P. 12(b)(6). While a court must typically construe the pleadings of a *pro se* plaintiff liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a court considering a motion to dismiss must still evaluate the *pro se* plaintiff's pleadings according to the standards developed under Rule 12.

2

Where a motion pursuant to Rule 12(b)(6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." *Id.* at 192–93.

The pleadings need not be supported by evidence but must "state a claim to relief *that is plausible on its face.*" *Id.* at 193 (citing *Ashcroft v. Iqbal*, *556 U.S. 662*; 129 S. Ct. 1937, 1949 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." *Iqbal*, 129 S. Ct. at 1949. If the complaint alleges—directly or indirectly—each of the elements of a viable legal theory, the plaintiff should be given the opportunity to prove that claim.

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pleaded allegations, *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). *See also Iqbal*, 129 S. Ct. at 1950. With these principles in mind, a court must ultimately ascertain whether the plaintiff has stated a plausible, not merely speculative, claim for relief.

### III. DISCUSSION

Andrews' Complaint does not state a claim upon which the Court can grant relief. It is well-settled that judges, in exercising the authority vested in them, are absolutely immune from civil suits brought under 42 U.S.C. § 1983 for money damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). The doctrine of judicial immunity is expansive and even extends to judicial action taken in error, done maliciously, or in excess of authority. *See Mireles*, 502 U.S. at 11–13; *see also Everson v. Doughton*, 267 Fed. App'x 229, 229 (4th Cir. 2008) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). In essence, a judge is entitled to absolute immunity if the judge acted in his or her judicial capacity and had jurisdiction over the subject matter. *King v. Meyers*, 973 F.2d 354, 357 (4th Cir. 1992). Therefore, a plaintiff alleging suit for money damages against a judge can overcome absolute judicial immunity only by a showing that (1) the judge's actions were taken outside of the judge's judicial capacity or (2) the judge acted in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–12; *King*, 973 F.2d at 356–57.

Here, Andrews' suit is based on actions taken by Judge Paxson in a case over which she presided and to which Andrews was a party. Andrews does not dispute that Judge Paxson was acting in her judicial capacity when she denied Andrews' petition, held him in civil contempt, and sentenced him to confinement—all "functions normally performed by a judge." *Mireles*, 502 U.S. at 12. Therefore, the only question that remains in determining whether the doctrine of judicial immunity shields Judge Paxson from monetary liability is whether Judge Paxson acted in the complete absence of jurisdiction.

A judge acts in the complete absence of jurisdiction "if the judge undertakes to act in an area where [the judge] has no subject matter jurisdiction." Chu, 771 F.2d at 81. Here, Section 16.1-241 of the Virginia Code confers jurisdiction to the City of Virginia Beach Juvenile and Domestic Relations District Court in "all cases, matters and proceedings involving . . . [t]he custody, visitation, support, control or disposition of a child . . . [w]hose custody, visitation or support is a subject of controversy or requires determination." Thus, the court over which Judge Paxson presided had subject matter jurisdiction in the matter in which Andrews appeared. Andrews does not dispute this fact. Rather, Andrews argues that Judge Paxson acted in the complete absence of jurisdiction because she "act[ed] in direct contrast to the United States Constitution." (Pl.'s Resp. Opp'n Mot. Dismiss 4). However, as stated earlier, judicial immunity covers actions by judges alleged to be taken in error. Therefore, Andrews' claim, even if true, does not support a finding that Judge Paxson's actions were taken in the complete absence of jurisdiction. Because Andrews cannot establish that Judge Paxson's actions were taken outside of her judicial capacity or in the complete absence of jurisdiction, the doctrine of judicial immunity completely bars Andrews' claim for money damages.

In addition to monetary damages, Andrews seeks declaratory relief and various forms of equitable relief; and while Judge Paxson is entitled to absolute immunity from monetary liability, she is not immune from declaratory and equitable relief. *Timmerman v. Brown*, 528 F.2d 811, 813–14 (4th Cir. 1975). Andrews specifically requests the Court to:

> Issue declaratory relief finding the Defendant's actions unconstitutional. . . . Issue an injunction stating the Defendant must adhere to the Constitution of the United States in findings of civil contempt relating to child support obligations. . . . Order Defendant to write a letter of apology to Plaintiff for violating his civil rights. . . . Order the Defendant to attend Continuing

> Legal Education as related to Constitutional Law, Family Law, and Civil Procedure. . . . Refer Defendant to the Judicial Inquiry and Review Commission for further punitive measures as the commission may deem necessary. . . . Impose upon the Defendant any other sanctions that this Honorable Court deems necessary.

(Compl. 4).

Although "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions," *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998) (citing *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 421–22 (4th Cir. 1998)), Andrews does not seek declaratory judgment in the true legal sense. *See* Fed. R. Civ. P. 57; 28 U.S.C. § 2201. "Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. App'x 475, 477 (7th Cir. 2003). They "are not meant to simply proclaim that one party is liable to another." *See id.* Here, Andrews' claim for declaratory relief is not sought to define the "legal rights or obligations" of the parties; rather, his request ultimately mirrors his attempt to establish that Judge Paxson violated his constitutional rights through her conduct in her official capacity. Therefore, Andrews is not entitled to the "declaratory" relief he seeks. *See Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (noting that "a declaration that [a judge's] past conduct violated [a plaintiff's] constitutional rights . . . would be nothing more than a gratuitous comment without any force or effect" (internal quotation marks omitted)).

Andrews' request for injunctive relief is similarly denied. The plain language of 42 U.S.C. § 1983 restricts "action[s] brought against a judicial officer for an act or omission taken in such officer's judicial capacity," and prevents injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement

6

Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (codified as amended at 42 U.S.C. § 1983 (1996)). *See also Willner v. Frey*, 421 F. Supp. 2d 913, 926 n.18 (E.D. Va. 2006) ("Section 309(c) of FCIA bars injunctive relief in any section 1983 action against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." (internal quotation marks omitted)). Because Andrews does not allege that a declaratory decree was violated or that declaratory relief is unavailable, and because the requested injunctive relief arises strictly from Judge Paxson's actions taken in her official capacity, Andrews is not entitled to injunctive relief. Accordingly, accepting as true all of Andrews' well-pleaded allegations, he fails to state a claim upon which relief can be granted.

### IV. CONCLUSION

Because Judge Paxson is absolutely immune from monetary liability and Plaintiff is not entitled to the nonmonetary relief he seeks, the Court GRANTS Defendant's Motion and DISMISSES Plaintiff's Complaint pursuant to FRCP 12(b)(6).

Plaintiff is hereby notified of his right to appeal the decision of the Court. If Plaintiff desires to appeal, he must file a notice of appeal within thirty (30) days of the date of the accompanying order.

Let the Clerk send a copy of this Memorandum Opinion to *pro se* Plaintiff and to all counsel of record. An appropriate order shall issue.

It is SO ORDERED.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this __16th__ day of February 2012.